UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

   Plaintiff,

Civil Case No.
Honorable

vs.

$18,313.00 U.S Currency;
$470.00 U.S. Currency; $1,278.00
U.S. Currency; and (1) Ladies 18K
white gold Oyster Perpetual Rolex
6917 Watch;

   Defendants *in rem*.

---

**COMPLAINT FOR FORFEITURE**

---

NOW COMES Plaintiff, the United States of America, by and through Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## **DEFENDANTS *IN REM***

6. The Defendants *in rem* in this action are:

a)  $18,313.00 U.S Currency;

b)  $470.00 U.S. Currency;

c)  $1,278.00 U.S. Currency;

d)  One (1) Ladies 18K white gold Oyster Perpetual Rolex 6917 Watch;

7. The defendants *in rem* are in the custody of the United States Marshals Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## FACTUAL BASIS FOR CIVIL FORFEITURE

10. The Defendants *in rem* are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as monies or things of value which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to

seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

11. The facts supporting the forfeiture of the Defendants *in rem* include, but are not limited to, the following:

12. In January 2020, Person A, a male, was arrested by Detroit Police Department officers for carrying a concealed firearm with an expired license. When being booked by police at the Detroit Detention Center, officers found a brown paper bag in Person A's groin area containing approximately 130 grams of cocaine, packaged into several knotted plastic sandwich bags, which is consistent with the intent to distribute the drugs.

13. Person A was previously convicted by the State of Michigan for drug trafficking offenses in 1997. He served approximately 4 years in prison. It appears that the conviction was expunged.

14. On or about March 18, 2020, a group of law enforcement officers executed a state arrest warrant for Person A at his home on Calvin Avenue, Grosse Pointe Farms, Michigan. Person A refused to answer the door and officers saw him run down the basement. Person A finally came to door as the officers were preparing to make entry. A

female later identified as Anneisha Williams was also present at the home with Person A. During a protective sweep of the home, officers found materials and equipment used for processing cocaine.

15. The officers subsequently acquired a search warrant and seized three drug presses with powdery residue (suspected to be cocaine), a digital scale with powdery residue (suspected to be cocaine), a microwave oven and kitchenware with powdery residue (suspected to be cocaine), documents related to banking, real estate and motor vehicle sales, jewelry purchases with cash, safe deposit box keys, two handguns, one assault rifle, $155,000.00 cash, and other evidence. A field test of the suspected cocaine residue was conducted giving positive results. Much of the drug equipment was in the basement of the house and can be used to reprocess and repackage both powder cocaine and crack cocaine.

10. Person A was released on a personal recognizance bond in state court for his outstanding felony warrant.

11. Based on drug trafficking activity observed of Person A subsequent to his March 2020 release from custody, agents obtained search and seizure warrants for five (5) residences associated with

Person A, including 22XXX Gordon Road, St. Clair Shores, Michigan. Agents executed the warrants on June 30, 2020, including at 22XXX Gordon Road, St. Clair Shores, Michigan.

12. Anneisha Williams, who was present with Person A during the March 2020 search of the property located at Calvin Avenue location, was also present during the search at 22XXX Gordon Road, St. Clair Shores, Michigan. During the search DEA agents found in a dresser drawer containing men's clothing in the Master Bedroom, and in a pair of men's shorts in the drawer, a combined defendant *in rem* $18,313 in U.S. Currency.

13. DEA agents found and seized the defendant *in rem* $470 U.S. Currency from the pocket of a woman's jacket in the closet in the Second Living Area.

14. DEA agents found and seized a total of the defendant *in rem* $1,278 in U.S. Currency from the couch and a woman's purse in the Living Room. Agents also found and seized a Ladies 18K white gold Oyster Perpetual Rolex 6917 Watch from the Living Room.

15. The defendants *in rem* constitute property traceable to Person A's drug trafficking activity.

## **CLAIM**

16. The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 15, above.

17. The defendants *in rem* are property forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because each is property which was furnished or was intended to be furnished in exchange for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents monies or other things of value used or intended to be used to facilitate a violation of Title 21 of the United States Code.

//

//

//

//

//

//

# RELIEF

Plaintiff, the United States of America, respectfully requests that Warrants of Arrest for the Defendants *in rem* be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                        Respectfully submitted,

                                        MATTHEW SCHNEIDER
                                        United States Attorney

                                        s/Gjon Juncaj
                                        GJON JUNCAJ (P63256)
                                        U.S. Attorney's Office
                                        211 W. Fort Street, Ste. 2001
                                        Detroit, MI 48226
                                        (313) 226-0209
Dated: December 11, 2020        gjon.juncaj@usdoj.gov

## **VERIFICATION**

I, Brian N. Shock, state that I am a Task Force Officer with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Brian N. Shock, Task Force Officer
U.S. Drug Enforcement Administration

Dated:   12/11/20